# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SANTUCCI, deceased, by and through his personal representative, ELIZABETH SANTUCCI; ELIZABETH SANTUCCI, individually,<br><br>Plaintiffs,<br><br>v.<br><br>BALBOA HEALTHCARE, INC. dba BALBOA NURSING & REHABILITATION CENTER, a Skilled Nursing Facility; PROVIDENCE GROUP, INC., a California Corporation; SALEEM RAJPER, M.D., individually; DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 21cv1584-LAB (JLB)<br><br>**ORDER GRANTING MOTION TO REMAND TO STATE COURT**<br>**[Dkt. 10]** |

Plaintiffs Frank Santucci, deceased, and his daughter, Elizabeth Santucci, both in her individual capacity and as personal representative of Frank Santucci, filed this action in the Superior Court of California, County of San Diego, alleging claims against Defendants Balboa Healthcare, Inc., dba Balboa Nursing & Rehabilitation Center ("Balboa Nursing"), Providence Group, Inc. ("Providence"),

and Dr. Saleem Rajper. They contend generally that Frank Santucci was a resident of Balboa Nursing, a skilled nursing facility, where Santucci contracted COVID-19 due to its allegedly inadequate infection prevention and control procedures and chronic failure to staff the facility to adequately meet residents' needs.

Plaintiff originally filed his Complaint in state court on July 20, 2021, claiming violations of California's Elder and Dependent Adult Civil Protection Act ("EDACPA") and the Patient's Bill of Rights, as well as negligence and wrongful death. (Dkt. 1-2). On September 8, 2021, Defendants removed the case to federal Court, alleging that this Court has jurisdiction on the following grounds: (1) Plaintiffs' claims are completely preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d and 247d-6e; (2) this case involves an embedded question of federal law under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); and (3) removal is proper under the federal officer statute, 28 U.S.C. §§ 1442(a)(1), because Defendants were acting under the direction of a federal officer when they engaged in the allegedly wrongful behavior. (Dkt. 1). Plaintiffs have moved to remand the case to state court, contending that the PREP Act is not a complete preemption statute, implication of the PREP Act as a defense does not create a federal question such as to confer jurisdiction in this Court, and Defendants' mere compliance with federal law doesn't mean Defendants were acting pursuant to a federal official's directions. (Dkt. 10).

On February 22, 2022, after briefing on Plaintiffs' motion concluded, the Ninth Circuit issued *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022), explicitly rejecting all three bases for removal asserted by Defendants.[1] *Saldana* is controlling and Plaintiffs' motion is **GRANTED**. All

---

[1] *Saldana* issued on February 22, 2022, almost four months after the parties concluded briefing on the motion. No party filed a notice of supplemental authority

pending motions, including Defendants' Motion to Dismiss and Motion to Strike the Complaint, (Dkt. 7), are **DENIED AS MOOT**.

## I.   ANALYSIS

This Court is bound by the Ninth Circuit's ruling in *Saldana*. In that case, the surviving relatives of Ricardo Saldana, who contracted and died from COVID-19 while residing in a nursing home, brought state law claims for elder abuse, willful misconduct, custodial negligence, and wrongful death against the nursing home for its alleged failure to adequately protect Mr. Saldana from the virus. *Saldana*, 27 F.4th at 683. The facility removed the case from California state court, arguing that the PREP Act completely preempted the plaintiffs' state law claims, an embedded federal question existed, and federal officer jurisdiction existed. *Id.* The Ninth Circuit affirmed the district court's remand to state court, finding that: (1) the PREP Act is not a complete preemption statute because it "neither shows the intent of Congress to displace . . . non-willful misconduct claims . . . nor does it provide substitute causes of action for" state law claims; (2) a federal defense based on the PREP Act is an insufficient basis for embedded federal question jurisdiction; and (3) no federal officer jurisdiction existed because the facility was not "acting under" a federal officer or agency by simply complying with federal laws or regulations promulgated by federal authorities during the pandemic. *Id.* at 683–89.

*Saldana* requires remand of this case, as it clearly rejects Defendants' theory of complete preemption based on the PREP Act. *Id*. at 688 ("The PREP Act neither shows the intent of Congress to displace the non-willful misconduct claims brought by the [plaintiffs] related to the public health emergency, nor does it provide substitute causes of action for their claims. Thus, under this court's two-part test, the PREP Act is not a complete preemption statute."). As a result, the Court finds

---

bringing the clearly controlling *Saldana* decision to the Court's attention.

that the PREP Act fails to provide subject matter jurisdiction for Plaintiffs' state law claims.

Defendants also argue there is federal jurisdiction based on an "embedded" federal question. (Dkt. 1 at 29). They rely on *Grable*, which holds that removal is appropriate if: (1) the state law claim necessarily raises a disputed and substantial issue; and (2) a federal court may entertain the claims without disturbing federal/state comity principles. 545 U.S. at 314. But again, *Saldana* rejected this theory, finding that state law claims, as the ones asserted in this case, "are raised under California law and do not raise questions of federal law on the face of the complaint." *Saldana*, 27 F.4th at 688. *Saldana* also held that a federal defense under the PREP Act doesn't create "a sufficient basis to find embedded federal question jurisdiction." *Id*. (citing *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1090 (9th Cir. 2009)); *see also Iskowitz by & through Iskowitz v. Northridge Subtenant, LLC*, No. 321CV01108GPCMDD, 2022 WL 3702933, at *2 (S.D. Cal. Feb. 25, 2022) ("Here, as in *Saldana*, the rights or immunities created by the PREP Act are not an essential element of the conduct giving rise to Plaintiffs' claims. Therefore, remand is proper because the complaint did not raise an embedded federal question.").

Finally, the Ninth Circuit has also rejected the assertion of federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). (Dkt. 1 at 32); *see Saldana*, 27 F.4th at 683–86 ("All that Glenhaven has demonstrated is that it operated as a private entity subject to government regulations, and that during the COVID-19 pandemic it received additional regulations and recommendations from federal agencies. Thus, Glenhaven was not 'acting under' a federal officer or agency as contemplated by the federal officer removal statute. And because Glenhaven did not act under a federal officer, there is no causal nexus that allows removal under 28 U.S.C. § 1442."); *see also Branch v. Lilac Holdings, LLC*, No. 21-CV-00605-BAS-MDD, 2022 WL 1184358, at *5 (S.D. Cal. Apr. 21, 2022) ("Thus, the mere

fact that Defendant followed government regulations—even if exactingly detailed—does not provide a basis for jurisdiction here.").

Because Defendants haven't articulated any viable basis for federal jurisdiction, remand is proper.

## II. ATTORNEYS' FEES AND COSTS

Plaintiffs have requested $16,835.00 in attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). (Dkt. 10-1 at 25). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit . . ." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Here, Defendants' notice of removal pre-dated the Ninth Circuit's *Saldana* decision by more than five months. The request for fees is denied.

## III. CONCLUSION

The Motion for Remand is **GRANTED**. (Dkt. 10). The case is remanded to the California Superior Court, County of San Diego. All other pending motions, including Defendants' Motion to Dismiss and Strike the Complaint (Dkt. 7), are **DENIED AS MOOT**. The Clerk of Court is instructed to terminate this case.

**IT IS SO ORDERED.**

Dated: September 29, 2022

*Larry A. Burns*

Honorable Larry Alan Burns
United States District Judge